UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINA HARRINGTON,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>HOME CAPITAL FUNDING, INC.;<br>COUNTRYWIDE MORTGAGE, INC.;<br>and DOES 1 through 65 inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 08cv1579 BTM(RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Defendant Countrywide Home Loans, Inc. ("Countrywide"), erroneously sued as Countrywide Mortgage, Inc., has filed a motion to dismiss the First Amended Complaint for failure to state a claim. For the reasons discussed below, Countrywide's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

In August 2005, Plaintiff refinanced her home mortgage and obtained a $616,000.00 loan from Home Capital Funding.[1] (Countrywide's Ex. 1.) The loan was secured by Plaintiff's residence located at 16470 Calloway Drive, San Diego, California 92127 (the "Property"). According to Plaintiff, Defendants are proceeding toward a trustee sale of the Property.

---

[1] Countrywide explains that it is an assignee and the current holder of the loan.

1  In her First Amended Complaint ("FAC"), Plaintiff alleges that the Truth-in-Lending Disclosure provided to her upon entering into the loan fails to disclose the index used to calculate the first 24 months of payments. (FAC ¶ 13.)  Plaintiff further alleges that she was never provided a final closing statement, Credit Report Disclosure, or "Privacy Pledge" disclosure. (FAC ¶¶ 14-15.) In addition, Plaintiff "is informed and believes, that, Defendants [sic], HOME CAPITAL'S, employed notary signed and notarized Plaintiffs loan documents in her absence and without her prior authorization, and did so as part of a scheme to conceal from Plaintiff that the 30 year 'fixed rate' Mortgage she was induced into, was actually a 3 year Adjustable Rate Mortgage, (ARM)." (FAC ¶ 22.)

Plaintiff alleges that none of Defendants has the right to initiate foreclosure under the security instrument. (FAC ¶ 18.) Plaintiff states that Defendants have not shown that they are in possession of the original note and, therefore, are proceeding with their non-judicial foreclosure without any right under law. (FAC ¶¶ 19, 30.)  Plaintiff also claims that Defendants added costs and charges to the payoff amount of the note that were not justified under the terms of the note and/or state and federal law. (FAC ¶ 31.)

Plaintiff asserts the following causes of action: (1) violation of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; (2) unfair debt collection practices; (3) predatory lending practices; (4) fraud - violation of Cal. Bus. & Prof. Code § 17200; and (5) declaratory relief. The FAC also includes a section titled "Application for Temporary Restraining Order and OSC Re Preliminary Injunction."

## II. STANDARD

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957).  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696,

699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

## III. DISCUSSION

Countrywide moves to dismiss Plaintiff's FAC for failure to state a claim. As discussed below, the Court grants Countrywide's motion as to all of Plaintiff's claims with the exception of Plaintiff's claim for rescission under the Truth In Lending Act ("TILA").

A. TILA claims

Although the title of Plaintiff's first cause of action is "TILA Recission [sic]," Plaintiff actually seeks damages in addition to rescission. (FAC ¶ 38.)

Plaintiff has not stated a claim for damages under the TILA because Plaintiff has not pled detrimental reliance, an element of a TILA claim for actual damages. In re Smith, 289 F.3d 1155, 1157 (9th Cir. 2002). Plaintiff has not alleged that she would have sought and obtained a better interest rate. See Villasenor v. American Signature, Inc., 2007 WL 2025739 (N.D. Ill. July 9, 2007) (explaining that plaintiff was required to allege facts suggesting that he would have sought and obtained a lower price but for the allegedly inaccurate TILA disclosure). Therefore, Countrywide's motion to dismiss is granted as to Plaintiff's TILA claim for damages.

However, Plaintiff has sufficiently stated a claim for rescission under the TILA. The TILA requires that creditors make certain disclosures in connection with closed-end consumer credit transactions. 15 U.S.C. § 1638(a). Among other things, creditors must

disclose the annual percentage rate of interest and finance charge. 15 U.S.C. § 1638(a)(3). Regulation Z provides that a creditor subject to the TILA who extends credit with a varying annual percentage rate must disclose the circumstances under which the rate may increase. 12 C.F.R. § 226.18(f).

Plaintiff alleges that the Truth-in-Lending Disclosure did not disclose the index used to calculate the first 24 months of payment. Countrywide does not dispute that a lender's failure to disclose the index used to calculate a variable interest rate could constitute a violation of the TILA. Instead, Countrywide argues that the Truth-in-Lending Disclosure did in fact disclose the index calculations. However, the Court cannot determine upon a motion to dismiss whether the Truth-in-Lending Disclosures submitted by Countrywide are the Disclosures that were given to Plaintiff.

Countrywide also contends that Plaintiff's TILA claim is barred by the applicable statute of limitations. 15 U.S.C. § 1640(e) provides: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." Countrywide argues that the date of the occurrence of the violation is no later than the date Plaintiff entered into the loan agreement (August 2005) and that more than two years passed before Plaintiff filed this suit.

However, under Ninth Circuit law, section 1640(e)'s one year limitations period may be equitably tolled in circumstances where the borrower was reasonably ignorant of the lender's fraud or nondisclosures. King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986). Thus, in Plascencia v. Lending 1st Mortgage, 2008 WL 4544357 (N.D. Cal. Sept. 30, 2008), the district court held that the plaintiffs were potentially entitled to equitable tolling because their complaint alleged that they did not discover the TILA violations until they began receiving statements and realized that the amount of their principal was increasing over time.

Here, Plaintiff claims that sometime after the consummation of the loan, she discovered that based on the applicable index, she was overpaying interest by .099%. (FAC ¶ 13.) Because Plaintiff allegedly did not find out what the index was until sometime after

1  the loan was consummated, it is possible that the statute of limitations was tolled. Whether
2  the facts of this case support equitable tolling is best left for a motion for summary judgment.
3        Finally, Countrywide argues that Plaintiff's claim for rescission fails because Plaintiff
4  has not tendered the principal balance, less interest and costs. Countrywide cites <u>Yamamoto</u>
5  <u>v. Bank of New York</u>, 329 F.3d 1167 (9th Cir. 2003), for the proposition that the concurrent
6  tender of the principal balance, less interest and costs, is a prerequisite for rescission.
7  Countrywide misconstrues <u>Yamamoto</u>. In <u>Yamamoto</u>, the Ninth Circuit explained that a trial
8  judge has the *discretion* to condition rescission on tender by the borrower of amounts
9  advanced by the lender, and that whether a decree of rescission should be conditional
10 depends upon the equities of the particular case before the court. Tender by the borrower
11 is not always a precondition to rescission and does not have to be pled to state a claim for
12 rescission.
13       Accordingly, Plaintiff's motion to dismiss is granted as to Plaintiff's claim for damages
14 under the TILA, but is denied as to Plaintiff's claim for rescission under the TILA.
15
16 B.  <u>Unfair Debt Collection Practices</u>
17       Plaintiff generally alleges that Defendants "violated provisions of the Federal Fair Debt
18 Collections [sic] [Practices] Act, 15 U.S.C. Title 41, Subchapter V, §§ 1692 et seq., and the
19 Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617." (FAC ¶ 40.)
20       Plaintiff does not specify what specific provision(s) of the RESPA was violated, nor
21 does Plaintiff state what each Defendant allegedly did in violation of the statute. In the "Fact"
22 section of the FAC, Plaintiff alleges that no final closing statement, Credit Report Disclosure,
23 or Credit Score Disclosure were provided to Plaintiff as required by the RESPA, 12 U.S.C.
24 § 2603. Under 12 U.S.C. § 2603 and Regulation X, 24 C.F.R. § 3500 <u>et seq.</u>, settlement
25 agents are required to complete the HUD-1 Form settlement statement "in every settlement
26 involving a federally related mortgage loan in which there is a borrower and a seller." 24
27 C.F.R. § 3500.8(a). Regulation X also requires that lenders provide mortgage applicants
28 with a "good faith estimate" of "each charge which . . . the borrower will normally pay or incur

at or before settlement based upon common practice in the locality of the mortgaged property." 24 C.F.R. 3500.7(c)(2). It is unclear whether Plaintiff is alleging that Home Capital failed to provide the HUD-1 settlement statement and/or good faith estimate.[2] It is also unclear whether Plaintiff intends to allege violations of other provisions of the RESPA.

As with the RESPA claim, Plaintiff generally alleges the FDCPA was violated without specifying what provision of the FDCPA was violated and what each Defendant did to violate it. Moreover, Plaintiff has not alleged facts sugesting that Countrywide is a "debt collector" within the meaning of the statute. The definition of "debt collector" does not include an assignee of the debt as long as the debt was not in default at the time it was assigned. 15 U.S.C. § 1692a(6)(F). See also Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985). Plaintiff does not allege that the loan was in default at the time it was assigned to Countrywide.

Therefore, Countrywide's motion to dismiss is granted with respect to Plaintiff's claims under the RESPA and the FDCPA.

C. Predatory Lending Practices

In her second cause of action, Plaintiff alleges:

> Plaintiff is informed and believes, and upon such information and belief alleges that Defendants, HOME CAPITAL, and, COUNTRYWIDE, have engaged in deceptive practices with respect to Plaintiffs in violation of the Home Ownership and Equity Protection Act, ("HOEPA"), 15 U.S.C. § 1637, and the Federal Trade Commission Act ("FTC Act") 15 U.S.C. §§ 41-58, the specifics of which are unknown, but are subject to discovery and with respect to which the specifics will be alleged by amendment to this Complaint when fully ascertained.

(FAC ¶ 43.)

Plaintiff essentially admits that she does not know of any facts supporting a claim under HOEPA or the FTC Act. Plaintiff's vague allegations are insufficient to state a claim. Furthermore, there is no private right of action under the FTC Act. See Carlson v. Coca-Cola

---

[2] The Court notes that it is questionable whether there is even a private right of action under 12 U.S.C. § 2603. See Morrison v. Brookstone Mortgage Co., Inc., 415 F. Supp. 2d 801 (S.D. Ohio 2005) (holding that no private right of action exists under § 2603). However, the Court does not reach this issue at this time.

1  Co., 483 F.2d 279 (9th Cir. 1973); Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc., 499 F.2d
2  232, 237 (2d Cir. 1974).

D.  Fraud - Violation of Cal. Bus. & Prof. Code § 17200

Plaintiff alleges that Defendants Home Capital and Countrywide engaged in fraudulent business practices by misrepresenting to consumers that mortgages were "fixed rate" mortgages when they were actually variable rate loans. (FAC ¶ 46.)

Plaintiff has failed to allege fraud with specificity as required by Fed. R. Civ. P. 9(b). Under the heightened pleading standard of Rule 9(b), "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff does not allege who made the representations that her loan was a fixed rate loan or when those representations were made. Therefore, Plaintiff's § 17200 claim is dismissed.

E.  Declaratory Relief

Plaintiff's declaratory relief claim is premised on Plaintiff's contention that Defendants do not have a legal right to foreclose on Plaintiff's Trust Deed because they cannot produce the original note.

California Civil Code §§ 2924-2924k provide a "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994). Within this framework, nonjudicial foreclosure proceedings can be instituted by "the trustee, mortgagee, or beneficiary, or any of their authorized agents" by filing a notice of default with the office of the recorder. Cal. Civ. Code § 2924(a)(1). No less than three months after the filing of the notice of default, a notice of sale may be given by "the mortgagee, trustee, or other person authorized to take the sale." Cal. Civ. Code § 2924(a)(3). There is no requirement that the original note be in possession of or produced by the party filing the notice of default or giving the notice of sale.

Accordingly, there is no genuine controversy on this point, and Plaintiff's declaratory relief claim is dismissed. To the extent that Plaintiff seeks rescission, Plaintiff's first cause of action covers Plaintiff's claim.

F. <u>Injunctive Relief</u>

The FAC contains a section titled "Application for Temporary Restraining Order and OSC re: Preliminary Injunction." As explained in the Court's order of November 24, 2008, to the extent that Plaintiff seeks a temporary restraining order, Plaintiff must file a separate application for such relief.

## IV. **CONCLUSION**

For the reasons discussed above, Countrywide's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is denied as to Plaintiff's claim for rescission under the TILA but is otherwise granted. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for damages under the TILA, unfair debt collection practices, predatory lending practices, fraud - violation of Cal. Bus. & Prof. Code § 17200, and declaratory relief. The Court grants Plaintiff leave to file a Second Amended Complaint curing the deficiencies noted above. If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must file it within 20 days of the entry of this order. If Plaintiff does not file a Second Amended Complaint, Countrywide shall file an answer to the FAC within 35 days of the entry of this order.

**IT IS SO ORDERED.**

DATED: March 2, 2009

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge